IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA C. FREEMAN,<br><br>    Appellant,<br><br>    v.<br><br>CALIFORNIA FRANCHISE TAX BOARD,<br><br>    Appellee. | Case No. 3:17-cv-02444 (CRB)<br><br>**ORDER DISMISSING APPEAL** |

    This case arises out of an attempt by the California Franchise Tax Board ("CFTB") to collect a tax debt from Maria Freeman ("Freeman"). CFTB's attempted collection prompted Freeman to file a petition for bankruptcy (since dismissed) so that she could take advantage of the automatic bankruptcy stay in order to prevent CFTB from collecting her funds. The bankruptcy court denied Freeman's motion for a temporary restraining order ("TRO") in an adversary proceeding against CFTB, and Freeman appealed. Because this Court does not have jurisdiction over this interlocutory appeal, the Court declines to hear it.

## I. BACKGROUND

    On Jan. 3, 2017, CFTB ordered BAC Community Bank to withhold funds in a bank account owned by Freeman and her spouse, Timothy Freeman, to enforce payment of the Freemans' 2011 income tax liability in the amount of $245,230.26, pursuant to California Revenue and Taxation Code § 18670. Stipulation (dkt. 3-9) at 2.

    On Jan. 6—one day after the Bank received the order to withhold but before the Bank had transmitted the funds to CFTB—Freeman filed a voluntary Chapter 13 petition

1   in the United States Bankruptcy Court for the Northern District of California ("Bankruptcy
2   Court"). See Stipulation at 2–3; 11 U.S.C. § 362. Freeman admittedly filed the
3   bankruptcy proceeding "to seek a means of obtaining [her and her spouse's] funds, and
4   orderly repayment of obligations." Freeman Decl. (dkt. 3-3) ¶ 11. Freeman asserts that
5   she and her family have suffered severe hardship from the withholding of the funds,
6   including complete loss of business income because of the inability to pay sub-contractors
7   hired to perform work related to their construction business. Id. ¶¶ 8–15.

On Jan. 13, Freeman filed a "Complaint for Damages for Violation of Automatic Stay" and a motion for a TRO against CFTB, initiating an adversary proceeding in the Bankruptcy Court. See Compl. (dkt. 3-1); Motion (dkt. 3-2). Freeman argued that CFTB's failure to release the withheld funds violated the automatic stay. See Compl. ¶ 18; Motion at 2, 7–8. CFTB countered that Freeman's ownership of the funds was extinguished upon the Bank's receipt of the order to withhold, and therefore, the funds were not part of the bankruptcy estate subject to the automatic stay. See, CFTB's Opp'n to Motion pt.1 (dkt. 3-12), at 1.

On Feb. 1, the Bankruptcy Court denied Freeman's TRO motion in an oral hearing. See Motion Hearing Transcript (3-28) at 24. It later entered a written order. Notice of Appeal (dkt. 1-6) Ex. A (Order Denying TRO). On Feb. 6, the Bankruptcy Court dismissed Freeman's bankruptcy case for failure to prosecute. Appellee's Index (dkt. 9) at 12–15 (Order of Dismissal). Freeman did not object. Id. at 15. On Feb. 17, Freeman filed a notice of appeal from the denial of the TRO to the United States Bankruptcy Appellate Panel of the Ninth Circuit (BAP). Notice of Appeal (dkt. 1-6). That appeal was subsequently transferred to this Court. See BAP Order Transferring Appeal (dkt. 1-1).

## II. JURISDICTION OVER THE APPEAL

### A. Finality

District courts have jurisdiction to hear appeals from the final judgments, orders, and decrees of bankruptcy courts. 28 U.S.C. § 158(a)(1). However, appellate courts do not have jurisdiction to review a bankruptcy court's denial of a TRO unless the trial court's

2

decision implied that all requested relief was denied. Carroll v. Tri-Growth Centre City Ltd. (In re Carroll), 903 F.2d 1266, 1269 (9th Cir. 1990). This aligns with the general rule that the "'label attached to an order by a trial court is not decisive with regard to whether' the court's order is reviewable." See id. (quoting Wright & Miller, Federal Practice and Procedure § 2962 at 619 (1973)).

Freeman argues that the Bankruptcy Court's order, although not labeled as such, was effectively a final order because it decided the ultimate legal issue in the case: that CFTB's failure to release the funds did not violate the automatic stay. Freeman points to the Bankruptcy Court's statement, "I'm going to find there is no violation of the stay here," to support her position. Motion Hearing Transcript at 18. However, the Bankruptcy Court made clear that it was only evaluating the merits of the case in the context of the TRO motion:

> [A]t the moment, all I'm telling you is I don't think there is a stay violation here, okay? So that's where we are . . . I just am going to deny a TRO on the theory that if we're talking about a violation of the stay, a TRO is not the right remedy.

(Motion Hearing Transcript at 21).

The record indicates that the Bankruptcy Court did not intend to conclusively determine that CFTB did not violate the automatic stay and thereby deny all relief to Freeman. On the contrary, the Bankruptcy Court left the door open for the possibility of relief after the denial of the TRO, even if such relief may be unlikely. The TRO denial therefore was not a final order.

### B. Appealable Interlocutory Order

In the alternative, Freeman requests discretionary leave to appeal. See 28 U.S.C. § 158(a)(3); Belice v. Belice, 461 B.R. 564, 572 (B.A.P. 9th Cir. 2011). When deciding whether to grant leave to appeal an interlocutory bankruptcy court order, courts generally ask whether (1) the order involves a controlling question of law, (2) there is substantial ground for difference of opinion, and (3) the appeal is in the best interests of judicial economy. Id. at 572. Here, the TRO order did not decide a controlling question of law,

for the reasons given above. Accordingly, granting leave to file an interlocutory appeal would not be appropriate.

### III. CONCLUSION

For the foregoing reasons, the appeal is DISMISSED.

**IT IS SO ORDERED.**

Dated: Dec. 6, 2017

_____
CHARLES R. BREYER
United States District Judge